ALONSO, PLAINTIFF AND APPELLEE, v. MADERA ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the First District Court of San Juan in
Injunction Proceedings.

No. 2759.—Decided February 1, 1924.

INJUNCTION—EQUITY JURISDICTION.—The doctrine that a right or title involved
must be established in a court of law before an injunction will issue does
not, however, apply to all cases where a temporary restraining order is asked.
It may also be remarked in this connection that while under the former system
of jurisprudence, in which relief in equity was administered by a different
tribunal and by a different procedure from those that gave relief at law,
courts of equity have sometimes refused to interfere before the right was
established at law, there seems to be no good reason, under the present system
in code states where both are blended, why such relief should not be granted
in the first instance by injunction and it has been so ruled.

ID.—ID.—IRREPARABLE INJURY—PLEADING.—It was held in this case that the com-
plaint contains sufficient allegations of irreparable injury in the sense that
it can not be safely measured nor adequately compensated in any damages
that might be recovered in a suit at law.

ID.—ID.—RESTRAINING ORDER.—As the restraining order granted to plaintiff Javier
Alonso Riera did not provide that defendant Alonso Riera & Co., Inc., should
be dissolved, or that its articles of incorporation should be amended by a
change of name, or that it should cease doing business, but that it should
abstain from using the surname of Alonso Riera pending a final decision, it
can not be concluded that the order was mandatory or that it anticipated a
final decision of the case on its merits.

The facts are stated in the opinion.

Messrs. J. Texidor and R. Martínez Alvarez for the ap-
pellants.

Messrs. Soto Gras & Siaca for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Jaime Pizá and Leopoldo Santiago appeal from a pre-
liminary order issued in a suit for a permanent injunction
after a hearing on an order to show cause, restraining
them and other defendants, pending a final determination
of the issues involved, from using the words "Alonso Riera"
as part of the name of the corporation Alonso Riera and
Company, Inc., or on envelopes or in letters and circulars
or otherwise in such manner as directly or indirectly to
cause confusion between the name of the said corporation

and that of the business already established by the plaintiff, Javier Alonso Riera.

Enough of the pleadings, affidavits and documentary evidence to show in a general way what was before the trial judge at the time of issuing the preliminary writ was set forth in *Alonso Riera & Company, Inc.,* v. *Campillo, District Judge,* 30 P. R. R. 276, wherein the corporation applied to this court for a writ of prohibition, and to which we refer in the interest of brevity for a better understanding of the facts involved herein.

In the instant case appellants now insist that—

1. The District Court of San Juan, First District, erred in as-suming jurisdiction as a court of equity in a case where it had no such jurisdiction because of a lack of facts to establish it and because the plaintiff had his remedy at law.

2. The court erred in granting this injunction in the absence of a plea of specific, but merely of possible, imaginary or speculative, damages.

3. The court erred in granting an injunction in a case where irreparable injuries for which no relief can be obtained in an action for damages, are not pleaded or shown.

4. The court erred in granting a preliminary injunction partaking of a mandatory character in a case in which such order virtually disposes of the suit.

5. The court erred in deciding in a preliminary injunction questions of fact and of law pending decision, without giving the parties an opportunity to establish facts and argue legal issues.

Appellants say that as to them the facts alleged do not entitle plaintiff to relief in a court of equity:

1. Because they refer to persons, acts, contracts and legal relations foreign to the appellants.

2. Because they are not connected with the incorporation of Alonso Riera & Co. Incorporated, at least those shown under letters A to H.

3. Because in order to present them the plaintiff has made averments of law which are of the sole incumbency of a competent court or tribunal, to wit: the nullity of agreement for the use of the firm name and the dissolution of the firm of Alonso Riera

& Co., which allegations are but mere conclusions of law unauthorized by any tribunal or by the statements or admissions of the parties in the acts and contracts referred to.

It is true that the complaint leaves much to be desired in so far as any connection between appellants herein and the activities imputed to Herminio Madera is concerned. It does allege, however, that Madera, in order to avoid such decree as might be entered in the pending proceeding for an injunction, "maliciously procured" appellants together with other persons surnamed Riera and Alonso respectively "to enter into and figure as incorporators" of the new corporation; that the said Riera and Alonso had been "made to figure as incorporators by the said Herminio Madera, solely and exclusively for the purpose of using their names in a name of the said corporation," and that the newspaper notices gave the names of the said incorporators, including appellants, without mentioning or connecting therewith in any way the said Herminio Madera, all of which tended to increase the actual confusion by apparently adding a new entity in which the surname Alonso Riera was to figure, in addition to those already in existence.

Construing these averments in the light of the context, the plain inference is that appellants were not the real incorporators, but mere dummies or stalking horses used by Madera as a means to a consummation of the plan, which in this manner, it was also alleged, "had been recently carried out."

If appellants were in fact bona fide incorporators, innocent of any conscious connection with the real purpose for which the corporation was alleged to have been organized, a simple disclaimer of any such connection, or even an affidavit, like that of Mariano Riera Palmer, stating the facts, might have saved them any further trouble or inconvenience by reason of the controversy between plaintiff and Madera.

It may be that plaintiff is estopped to deny the validity of his agreement, upon his retirement from the firm of Alonso Riera & Company, that the partnership might continue to use the firm name throughout the term of the partnership, or during the period of any extension thereof. The averment that the partnership has ceased to exist may be a conclusion of law, but the complaint also alleged the fact upon which that conclusion was based, to wit, the acquisition by Madera of the entire interest belonging to the only other member of the firm, subsequently to the retirement of plaintiff and his brother therefrom.

The brief for appellant seems to assume rather than to show that such acquisiton by a single partner did not necessarily operate the dissolution of the firm. Much stress is laid upon the proposition that an injunction will not issue to protect a doubtful or disputed right.

"The doctrine that a right or title involved must be established in a court of law before an injunction will issue does not, however, apply to all cases where a temporary restraining order is asked. It may also happen that irreparable injury is threatened where such a situation exists, in which case the court may grant relief by injunction, notwithstanding there is a dispute as to title, and, having assumed jurisdiction on that ground, may, it is held, proceed to adjudicate on the rights of the parties, even though it involves a determination as to the question of title. Relief in equity may also be had before plaintiff has established his rights at law, where the material facts out of which his rights arise are admitted; and if there is a doubt as to his rights, it is one of law only. It may also be remarked in this connection that while under the former system of jurisprudence, in which relief in equity was administered by a different tribunal and by a different procedure from those that gave relief at law, courts of equity have sometimes refused to interfere before the right was established at law, there seems to be no good reason, under the present system in code states where both are blended, why such relief should not be granted in the first instance by injunction and it has been so ruled." 14 R. C. L., p. 356, sec. 58.

In our consideration of the application by the corpo-

ration for a writ of prohibition, we pointed out that a court of equity in a proper case may disregard the distinction between the corporation as a legal entity and its stockholders. The argument under the first assignment, in so far as it proceeds upon the theory that a certificate of incorporation relieves the incorporators of all responsibility for subsequent acts of the corporation, entirely ignores the suggestion last above mentioned. While there may be some doubt as to whether the facts stated in the complaint suffice to bring the instant case within the exception to the general rule, the action of the court below is presumed to be correct and mere reiteration of that rule does not establish the proposition that the complaint shows no equity.

The averments as to the existing state of confusion due to the continued use by Madera of the firm name Alonso Riera and Co. subsequently to the dissolution of said firm, and as to the effect of such confusion on plaintiff's business, sufficed to show irreparable injury in the sense that the same can not be safely measured nor adequately compensated in any damages that might be recovered in a suit at law. It was hardly necessary to add that the continued use of the same firm name, with the word "incorporated" added thereto, would produce the same result.

Nor can we agree with appellants that a mere perusal of the complaint and of the prayer discloses the mandatory character of the injunction issued. The order, which follows the language of the prayer, does not provide for a dissolution of the corporation, nor does it compel appellants to amend the articles of incorporation by a change of name. It does not compel appellants to cease doing business, for the simple reason that the corporation had not begun to do business. Appellants were not obliged affirmatively "to surrender the position" held by them and which they were "entitled to hold." If Madera was not entitled to use the firm name Alonso Riera and Co. he was powerless to confer

that right upon the corporation. And, aside from any connection with Madera and his schemes, appellants were within the spirit if not within the letter of the statute which forbids the adoption of any name ''already in use by any other corporation or so nearly similar thereto as to lead to confusion, or uncertainty.''

Nor did the court anticipate a final decision of the case on its merits. The effect of the temporary restraining order was to preserve a status quo, pending such final decision, by preventing the threatened establishment of another concern operating under the same name already in controversy in two separate suits, the second of which had already been made necessary, it would seem, by the omission to take some such precautionary measure in the first.

A period of eight days was allowed between the date of the order to show cause and that fixed for the hearing. At the hearing defendants announced that they were ready to proceed. After presentation of affidavits and counter affidavits, the hearing was adjourned and resumed after a lapse of another period of eight days. At the second hearing defendants again announced that they were ready to proceed. The stenographic record of these two hearings, including copies of affidavits and documentary evidence introduced, covers fifty-seven pages of the record. The case was submitted, on appeal from the order allowing the preliminary writ, fourteen months after the second of the two hearings last above mentioned. Whether or not the case was decided in the meanwhile upon its merits, and if not why not, does not appear.

The firm of Alonso Riera and Co. was organized in 1912 with a capital of $3,500. Two years later it was reorganized with a capital of $58,844, distributed as follows:

| | |
|---|---|
| Enrique Alonso Riera | $18,860 |
| Herminio Madera | 15,368 |
| Manuel Alvarez Rivera | 13,428 |
| Javier Alonso Riera | 11,128 |

The year following, Madera and Alvarez acquired the interest of the Riera brothers. Later Alvarez sold his interest to Madera, whose sworn statement shows that the volume of business done under the firm name during the month preceding the hearing amounted to more than $10,000.

In another affidavit Madera states that his purpose in promoting the new corporation was "to extend his business and incorporate therein that of the firm Alonso Riera and Co." In another affidavit he states that he also intended that the business of the corporation should absorb that of another firm previously formed under the name of Madera Hermanos.

An affidavit made by the appellant Pizá states that the paid-up capital of the corporation was $1,300, but does not give the names of the stockholders. The same statement shows a total of $15,000 of subscribed stock, with a partial list of ten subscribers which does not include the name of any one of the defendants herein, nor indicate the amount of stock subscribed by any one or all of the parties mentioned. Nor does the record disclose what, if any, real interest appellants have, or either of them has, in the corporation. Whether or not, in the event of a full disclosure in this regard, the maxim *de minimis non curat lex* would apply, is a matter we need not discuss.

It is fair to say that we are not deeply impressed with the showing made as to the necessity for a temporary restraining order. On the other hand, the appellee has not appeared in this court, either by brief or at the hearing, and it may be that some details of the stituation have escaped our notice. In any event, we find no such abuse of discretion on the part of the trial judge as to justify a reversal, and the order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.